## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DARIE DARLENE HAMILTON,

       Plaintiff,

v.

       Case No. 16-2101-DDC-JPO

DEPARTMENT OF VETERANS
AFFAIRS, et al.,

       Defendants.

---

## MEMORANDUM AND ORDER

Plaintiff Darie Darlene Hamilton brings this employment discrimination action against defendant Department of Veterans Affairs.[1] This matter is before the court on defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 24). Plaintiff responded to defendant's motion (Doc. 28). Defendant has not filed a reply, and the time for doing so has passed. The matter thus is fully briefed, and ripe for ruling. For reasons explained below, the court grants defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 24).

### I.      Pro Se Litigant's Lack of Compliance with the Summary Judgment Rules

Defendant filed its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on June 21, 2016. Doc. 24. On June 23, 2016, defendant served plaintiff with a Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion ("Pro Se Notice"), as D. Kan. Rule 56.1(f) requires. This notice advised plaintiff that if she did "not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the

---

[1] The court refers to defendant Department of Veterans Affairs in the singular in this Memorandum and Order because it is the only defendant who has appeared and the only defendant relevant to the pending motion.

material facts asserted by the defendant, the court may accept defendant's facts as true, in which event [plaintiff's] case may be dismissed and judgment entered in defendant's favor without a trial." Doc. 27 at 2.

The Pro Se Notice also attached the federal and local rules governing summary judgment motions. Docs. 27-1, 27-2. Rule 56(c) describes the required procedure for both the moving and nonmoving party to follow when supporting factual positions in summary judgment briefing. Doc. 27-1 at 1 (providing the text of Fed. R. Civ. P. 56(c)). It also explains that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion" or "(3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." *Id.* at 2 (providing the text of Fed. R. Civ. P. 56(e)(2)–(3)). Similarly, D. Kan. Rule 56.1(a) provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." Doc. 27-2 at 1 (providing the text of D. Kan. Rule 56.1(a)). To controvert facts in the fashion the rule demands, D. Kan. Rule 56.1(b)(1) requires the nonmoving party to number the facts and "refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed." *Id.* at 1 (providing the text of D. Kan. Rule 56.1(b)(1)).

In her opposition to defendant's summary judgment motion, plaintiff has failed to controvert any of the facts asserted by defendant in its Memorandum in Support of Summary Judgment, as the rules require. *See* Doc. 28. Although courts must construe the substantive pleadings of pro se parties liberally, *see Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir.

2

1994), pro se litigants still must comply with the procedural rules or suffer the consequences of noncompliance, *see Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (citation and internal quotation marks omitted)).  This includes the court's local rules.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Elrod v. Walker*, No. 06-3115-SAC, 2011 WL 6372881, at *6 n.3 (D. Kan. Dec. 20, 2011) (explaining that, on summary judgment, "[a]lthough the Court affords some leeway to pro se parties, it cannot merely overlook Plaintiff's failure to state and oppose material facts in compliance with the local rules, and Plaintiff's failure to submit admissible evidence").

Because plaintiff has controverted none of defendant's facts, the court can consider these facts undisputed for purposes of summary judgment.  But, the court also has reviewed the summary judgment record that defendant has submitted and has determined that it supports the statement of uncontroverted facts that follows.  Also, the court has considered the pleadings, responses, and other materials that plaintiff has submitted to the court even though they fail to comply with the federal and local rules governing summary judgment.  The court has attempted to give plaintiff's filings fair construction under the liberal pro se standard when analyzing the summary judgment motion.

## II.    Uncontroverted Facts

The following are uncontroverted or, where controverted, are stated in the light most favorable to plaintiff, the party opposing summary judgment.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

On February 26, 2012, the United States Department of Veterans Affairs hired plaintiff as a Medical Reimbursement Technician at the Consolidated Patient Account Center, Billing

Division, Leavenworth, Kansas ("CPAC").  The vacancy announcement for this position advised that a one year probationary period may apply to an employee selected for the job.

On November 8, 2012, plaintiff's supervisor rated her job performance as unsatisfactory. On February 22, 2013, defendant terminated plaintiff's employment during her probationary period for unsatisfactory performance.  Defendant sent plaintiff a letter dated February 22, 2013, explaining the reason for her termination.  The letter states that defendant terminated plaintiff's employment during her probationary period because she had failed to qualify for the job due to unsatisfactory performance.

On February 25, 2013, plaintiff contacted a counselor with defendant's Office of Resolution Management ("ORM") to complain that her termination was discriminatory.  On June 18, 2013, plaintiff filed a Complaint of Employment Discrimination alleging that defendant failed to accommodate her disability, wrongfully terminated her employment, and subjected her to a hostile work environment.  In her Complaint of Employment Discrimination, plaintiff identified an attorney, Phillip Murphy, 4400 College Blvd., Overland Park, Kansas, as her representative.  Plaintiff also provided her home address.

On July 17, 2013, the ORM sent a Notice of Acceptance letter to plaintiff at her home address and to plaintiff's attorney at his business address.  The letter advised plaintiff and her attorney of the claims accepted for investigation.  The ORM concluded that plaintiff's complaint alleged hostile work environment claims based on:  (1) a denial of reasonable accommodation; (2) plaintiff's supervisors condoning the actions of coworkers who referred to plaintiff as "crazy, slow and retarded"; and (3) plaintiff's termination from employment.  Doc. 25-10 at 1.  The letter also informed plaintiff and her attorney of their responsibility to notify ORM of any change of address or any change of representatives.

The ORM investigated plaintiff's allegations and prepared an Investigative Report dated December 23, 2013.  The ORM also prepared a Supplementary Investigative Report that included supplementary documentation pertaining to plaintiff's allegations.  The investigator communicated with plaintiff's attorney about plaintiff's complaint on November 27, 2013, December 10, 2013, December 16, 2013, and June 23, 2014.

On July 9, 2014, the ORM sent plaintiff's attorney a copy of the investigative file with a letter advising of plaintiff's right to request a Final Agency Decision ("FAD") from defendant's Office of Employment Discrimination Complaint Adjudication or a hearing before the Equal Employment Opportunity Commission ("EEOC").  The ORM also sent a copy of the letter to plaintiff at the home address she had provided in her Complaint of Employment Discrimination.

On August 15, 2014, the ORM received a request for a FAD signed by plaintiff.  The request form was enclosed in an envelope with a return address of Murphy, 6731 W. 121st St., Overland Park, Kansas.  On December 8, 2014, plaintiff sent an email to defendant, copying her attorney, asking about the status of the FAD.

On December 15, 2014, defendant issued its FAD, concluding that plaintiff had failed to establish that she was subjected to the discrimination she alleged.  Defendant mailed the FAD on December 15, 2014, to the following recipients:  (1) plaintiff at her home address; (2) plaintiff's attorney at 4400 College Blvd., Overland Park, Kansas; and (3) the ORM Field Office in Houston, Texas.  The return receipt shows that the FAD was delivered to plaintiff's attorney's office on December 19, 2014.  The ORM received its copy of the FAD on December 19, 2014.  The FAD mailed to plaintiff at her home address (the same one provided in her Complaint of Employment Discrimination) was returned to sender with a forwarding address for plaintiff.

Defendant resent the FAD to plaintiff at the forwarding address.  Plaintiff signed a return receipt for that mailing, showing that it was delivered to her on January 21, 2015.

The FAD advised plaintiff and her attorney that plaintiff had a right to appeal the decision to the EEOC Office of Federal Operations within 30 days of receipt of the FAD.  The FAD also advised plaintiff and her attorney that, if she chose not to appeal the decision to the EEOC, plaintiff had 90 days from receipt of the FAD to file a judicial complaint in the appropriate United States District Court.

Plaintiff filed an appeal of the FAD to the EEOC.  It was postmarked March 9, 2015.  In an order dated May 20, 2015, the EEOC dismissed plaintiff's appeal as untimely.  The EEOC concluded that plaintiff had failed to establish an adequate justification for failing to file a timely appeal.  The EEOC mailed plaintiff the dismissal of her appeal on May 20, 2015.

Plaintiff requested reconsideration of the EEOC's decision in a document received by defendant's Office of General Counsel on June 15, 2015.  The EEOC denied plaintiff's request for reconsideration on November 12, 2015.

Plaintiff filed this lawsuit on February 16, 2016.  Doc. 1.  In her Complaint, plaintiff alleges that defendant discriminated and retaliated against her by denying reasonable accommodations and subjecting her to a hostile work environment.  Plaintiff concedes in her Complaint that she has not presented her claims through any type of administrative procedure within any government agency.  *See* Doc. 1 at 6.

### III.    Legal Standards

Defendant asks the court to dismiss or, alternatively, grant summary judgment against plaintiff's claims.  Defendant argues that plaintiff has failed to exhaust her administrative remedies for the employment discrimination claims that she asserts in this lawsuit, and that this

failure deprives the court of subject matter jurisdiction.  The next section outlines the court's determination of the legal standards that govern plaintiff's motion.  The section after it applies those claims to the governing facts.

### A.  Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted).  Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship.  28 U.S.C. § 1331–1332.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).  Since federal courts are courts of limited jurisdiction, a presumption against jurisdiction exists, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms:  a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).  "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the

complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and [even to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.* at 1003 (internal citations omitted); *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1063–64 (10th Cir. 2012); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–25 (10th Cir. 2002) (holding that a court must convert a motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of the case).

### B.  Motion to Dismiss Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### C.  Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute" about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* (citing *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof.'" *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 670 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

## IV.   Analysis

Defendant asserts that the court lacks subject matter jurisdiction over plaintiff's claims because plaintiff has failed to exhaust her administrative remedies before filing this lawsuit. Defendant thus seeks dismissal, or in the alternative, summary judgment against plaintiff's claims.

### A.  Exhaustion of Administrative Remedies

Plaintiff brings this employment discrimination action against defendant, an agency of the United States.  Title VII contains a waiver of the United States' sovereign immunity for employment discrimination actions based on race, color, religion, or national origin.  42 U.S.C. § 2000e–16(b); *West v. Gibson*, 527 U.S. 212, 224–25 (1999) ("Section 717(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(b), which authorizes the EEOC to enforce federal compliance with Title VII 'through appropriate remedies, including reinstatement or hiring of employees with or without back pay,' effects a waiver of the United States' sovereign

10

immunity for some purposes." (quoting 42 U.S.C. § 2000e–16(b))).  And, the Rehabilitation Act includes a waiver of the United States' sovereign immunity for disability discrimination claims. 29 U.S.C. § 791; *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1477 (10th Cir. 1988) (holding that section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, provides a private cause of action for federal employees bringing employment discrimination claims based on disability).

But, both Title VII and the Rehabilitation Act require a plaintiff to exhaust administrative remedies before filing a lawsuit under either Act.  *See Green v. Brennan*, __ U.S. __, 136 S. Ct. 1769, 1775 (2016) (explaining that a federal employee must exhaust administrative remedies before suing his employer in court for Title VII violations); *see also Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997) (explaining that the "Rehabilitation Act encompasses [the same] exhaustion requirement" of Title VII); *Gaskins v. Dep't of the Army ex rel. McHugh*, No. 10-4076-WEB, 2011 WL 4452529, at *4 (D. Kan. Sept. 26, 2011) ("It is well settled that a federal employee must exhaust all available administrative remedies before filing an employment discrimination complaint in the district court." (citations omitted)).

A plaintiff's failure to exhaust administrative remedies is a bar to subject matter jurisdiction.  *McBride v. CITGO Petro. Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002); *see also Gaskins*, 2011 WL 4452529, at *4 ("Failure to completely, properly, and timely exhaust administrative remedies deprives courts of subject matter jurisdiction and subjects a judicial complaint to dismissal.").  Under existing Circuit precedent, only a plaintiff's complete failure to exhaust her claims operates as a jurisdictional bar, while the failure to exhaust her claims timely is considered a condition precedent to suit.  *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014) (explaining that the failure to assert claims in an administrative complaint deprives the court of jurisdiction but the untimeliness of a complaint is not a jurisdictional issue), *vacated and*

*remanded on other grounds*, __ U.S. __, 136 S. Ct. 1769 (2016).  Indeed, the Supreme Court has explained that the timely filing of an administrative complaint is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

As the party seeking to invoke federal jurisdiction, plaintiff bears the burden to show by competent evidence that she administratively exhausted the claims she asserts in federal court. *McBride*, 281 F.3d at 1106.  Plaintiff also bears the burden to show that she timely exhausted her claims as a condition precedent to suit.  *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007).  For reasons explained below, plaintiff cannot meet her burden of proving exhaustion here.

### B.  Exhaustion Requirements for Federal Employment Discrimination Complaints

The Code of Federal Regulations provides the requirements for exhausting administrative remedies for federal employment discrimination complaints.  *See* 29 C.F.R. §§ 1614.104–1614.110.  These regulations require a claimant to contact a counselor within 45 days of the alleged discriminatory action(s) to attempt informal resolution of the matter.  *Id.* § 1614.105(a)(1).  If the claimant does not resolve the complaint through informal counseling, the claimant must file a formal complaint of discrimination within 15 days of receiving written notice from the counselor of the plaintiff's right to file a complaint.  *Id.* § 1614.106(b).  The formal complaint must describe the actions that form the basis of the complaint.  *Id.* § 1614.106(c).  But the complaint cannot assert claims that the claimant did not raise in the pre-complaint counseling.  *Id.* § 1614.106(b)(1).  A claimant's failure to raise a claim or an issue in an administrative complaint bars the claimant from raising that claim or issue in a subsequent judicial action.  *See Mackenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)

("A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." (citations omitted)).

The regulations provide the agency 180 days to complete its investigation and provide the claimant a copy of the investigate file.  29 C.F.R. §§ 1614.106(e)(2), 1614.108(e)–(f).  The claimant has 30 days from the date of receiving the investigation file either to:  (1) request a hearing and decision from an administrative judge; or (2) request an immediate final agency decision ("FAD").  *Id.* § 1614.108(f).

After a claimant receives a FAD, the claimant has two options.  The claimant either can: (1) file an appeal of the FAD within 30 days of receiving the decision; or (2) file a judicial complaint within 90 days of receiving the FAD.  *Id.* §§ 1614.401, 1614.402, 1614.407(a).  When a claimant designates an attorney as her representative, the regulations provide that time limits are computed from the date the attorney receives the FAD.  *Id.* at § 1614.605(d); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990) (holding that notice served on an attorney qualifies as notice to the client).

### C.  Plaintiff Failed to Exhaust Her Administrative Remedies Before Filing Suit.

The uncontroverted facts establish that plaintiff did not exhaust her administrative remedies before filing this suit.  The court must dismiss plaintiff's Complaint for several reasons.  First, plaintiff asserts claims that she never asserted in her administrative charge.  Plaintiff filed a complaint with the ORM alleging hostile work environment claims based on:  (1) a denial of reasonable accommodation; (2) plaintiff's supervisors condoning the actions of coworkers who referred to plaintiff as "crazy, slow and retarded"; and (3) plaintiff's termination from employment.  Doc. 25-10 at 1.  But, plaintiff's Complaint alleges additional discriminatory and

retaliatory acts that plaintiff never asserted in an administrative proceeding. Plaintiff even concedes in her Complaint that she has not presented her claims through any type of administrative procedure with any government agency. *See* Doc. 1 at 6. The court lacks subject matter jurisdiction over these unexhausted claims. *See McBride*, 281 F.3d at 1106.

Second, plaintiff failed to exhaust her administrative remedies for the claims she asserted in her administrative complaint in a timely fashion. The uncontroverted facts establish that plaintiff's attorney received the FAD on December 19, 2014. Beginning on that date, plaintiff had two options for pursuing her claims: (1) she could file an appeal with the EEOC within 30 days from her attorney's receipt of the FAD; or (2) file a judicial complaint within 90 days of her attorney's receipt of the FAD. Plaintiff failed to comply with either option in a timely manner. She filed an appeal to the EEOC on March 9, 2015, more than 30 days after her attorney's received the FAD. She filed this judicial action on February 16, 2016, well after 90 days from her attorney's receipt of the FAD. Neither one of these actions complied with the exhaustion requirements contained in the federal regulations.

Although plaintiff does not assert this argument, the court cannot excuse plaintiff's failure to exhaust her claims timely by relying on the date that she received the FAD instead of the date her attorney received it. The Supreme Court considered this issue in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). It concluded that the 30-day time period for filing suit under Title VII begins when a notice of the right to file suit is delivered to an attorney's office, not when the claimant actually receives notice. The Court reasoned:

> There is no question but that petitioner appeared by his attorney in the EEOC proceeding. Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. . . . To read the term "receipt" to

14

mean only "actual receipt by the claimant" would render the
practice of notification through counsel a meaningless exercise.

*Id.* at 92–93 (citations and internal quotation marks omitted); *see also Noe v. Ward*, 754 F.2d

890, 892 (10th Cir. 1985) (recognizing the "well established rule that notice to an attorney is

imputed to the client").   Moreover, the regulations explicitly provide that, when a claimant

designates an attorney as her representative, time limits are computed from the date the attorney

receives the FAD.   29 C.F.R. § 1614.605(d).   The court thus computes the time limits using the

date that plaintiff's attorney received the FAD—December 19, 2014.   Plaintiff filed her appeal

on March 9, 2015, more than 30 days after her attorney's receipt of the FAD.   Her appeal thus

was untimely.[2]   And, she filed this judicial action on February 16, 2016, more than 90 days after

her attorney received the FAD.   Plaintiff's lawsuit is untimely as well.

     Although the timely exhaustion of administrative claims is a condition precedent to filing

suit, it is a non-jurisdictional requirement subject to waiver and equitable tolling.   *Zipes*, 455

U.S. at 398.   Plaintiff bears the burden of proving the timeliness of filing an administrative

charge.   *Montes*, 497 F.3d at 1167.   And courts construe equitable exceptions to the timeliness

requirement narrowly.   *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003).   Equitable tolling is

determined on a case-by-case basis.   *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d

857, 859 (10th Cir. 1983).   Equitable tolling may apply, for example, "when a plaintiff has been

lulled into inaction by [the] past employer, state or federal agencies, or the courts."   *Id.* (citation

and internal quotation marks omitted)).

     Plaintiff provides no reason to apply an equitable exception here.   Indeed, plaintiff's

response to defendant's motion never addresses the exhaustion issue.   Instead, she only argues

---

[2]     Even if the court computed the time for filing by using the date that plaintiff received the FAD,
her appeal still is untimely.   Plaintiff signed a return receipt for that mailing showing that it was delivered
to her on January 21, 2015.   She had 30 days from that date to file an appeal—so, by February 20, 2015.
She did not file her appeal until March 9, 2015, several days after the 30-day limit had expired.

about the merits of her employment discrimination claims.  But the court cannot reach the merits of plaintiff's claims if she has failed to exhaust her administrative remedies.  Indeed, plaintiff bears the burden to show that she has exhausted the claims she asserts in this lawsuit, but she has failed to shoulder this burden.  The summary judgment record establishes, as a matter of law, that plaintiff failed to exhaust administrative remedies.

## V.     Conclusion

For the reasons explained above, the court grants summary judgment against all of plaintiff's claims, as requested in defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 24).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Department of Veterans Affairs' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 24) is granted.

**IT IS SO ORDERED.**

**Dated this 16th day of December, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**