IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARIE DARLENE HAMILTON,

      **Plaintiff,**

v.

DEPARTMENT OF VETERANS
AFFAIRS, et al.,

      **Defendants.**

Case No. 16-2101-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Darie Darlene Hamilton filed a Complaint asserting employment discrimination claims against the Department of Veterans Affairs and Central Plains Consolidated Patient Account Center 735 ("CPC"). Doc. 1. On December 16, 2016, the court granted a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Robert McDonald, the Secretary of the Department of Veterans Affairs. Doc. 29. The court concluded that plaintiff's claims against her former employer failed as a matter of law because plaintiff had not exhausted her administrative remedies before filing suit. *Id*.

On December 19, 2016, Magistrate Judge James P. O'Hara entered a Notice and Order to Show Cause. Doc. 30. This Order described how plaintiff had served CPC with the lawsuit many months before. Judge O'Hara explained that a summons was returned on March 11, 2016, showing execution on CPC on March 7, 2016. Doc. 9. But, CPC never filed an answer to plaintiff's Complaint or took any other action in the lawsuit. Doc. 30 at 2. And, plaintiff never took any action to prosecute the case against CPC. *Id.* So, Judge O'Hara ordered plaintiff to

show why the court should not dismiss her claims against CPC for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.*

On December 23, 2016, defendants[1] filed a Motion to Dismiss the claims asserted against CPC. Doc. 31. Defendants explained that plaintiff is a former employee of the United States Department of Veterans Affairs. *Id.* at 1; *see also* Doc. 29 at 3–4 (including this information in the statement of uncontroverted facts on summary judgment). CPC is the location where plaintiff worked in Leavenworth, Kansas. Doc. 31 at 1; Doc. 29 at 3–4. And, defendants assert that CPC is not the proper defendant in this lawsuit because the only proper defendant in an employment discrimination action against a federal agency is the head of the agency or department. The office where plaintiff worked is not a proper defendant. *See* 42 U.S.C. § 2000e-16(c) (explaining that, in an employment discrimination action brought by an aggrieved government employee, "the head of the department, agency, and unit, as appropriate, shall be the defendant"); *see also McCoin v. Sec'y of Veterans Affairs*, No. 96-4104-SAC, 1996 WL 772602, at *1 (D. Kan. Dec. 20, 1996), *aff'd*, 132 F.3d 43, 1997 WL 780410 (10th Cir. Dec. 19, 1997) (stating that "[t]he only proper defendant in [an employment discrimination action] is the head of the agency or department in which the defendant was employed"); *Adams v. Brown*, No. 94-2519-EEO, 1995 WL 261152, at *3 (D. Kan. Apr. 21, 1995) (stating that "the head of the agency is the only proper defendant in a Title VII action").

Plaintiff never responded to defendants' Motion to Dismiss. And, the time for responding has expired. *See* D. Kan. Rule 6.1(d)(2) ("Responses to motions to dismiss . . . must be filed and served within 21 days."). By failing to respond, plaintiff waived her opportunity to oppose defendants' motion. *See* D. Kan. Rule 7.4(b) ("Absent a showing of excusable neglect, a

---

[1] Although the court previously had dismissed the Secretary of the Department of Veterans Affairs in its December 16, 2016 Order (Doc. 29), both defendants filed the Motion the Dismiss the claims against CPC. Doc. 31.

2

party or attorney who fails to file a responsive brief or memorandum . . . waives the right to later file such brief or memorandum."). Plaintiff's failure to respond also allows the court to treat the motion as an uncontested one, and "[o]rdinarily . . . [to] grant the motion without further notice." *Id.* For this reason, the court grants defendants' Motion to Dismiss. The court also grants the motion based on the substance of the argument defendants advance in the motion. Defendants correctly explain that the only proper defendant in this employment discrimination action is the Secretary of the Department of Veterans Affairs. The court already has granted the Secretary's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on December 16, 2016. Doc. 29. CPC is not a proper defendant in this lawsuit. The court thus dismisses CPC from the case.

On January 3, 2017—eleven days after defendants filed the Motion to Dismiss—plaintiff filed a Motion for Default Judgment against CPC. Doc. 34. Plaintiff asks the court to enter a default judgment against CPC under Fed. R. Civ. P. 55 for failing to plead or otherwise defend this lawsuit. Defendants respond that a default judgment here would violate Fed. R. Civ. P. 55(d). It provides: "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Here, plaintiff cannot establish such a claim or right of relief against CPC. The facts show that CPC is the office where plaintiff worked during her employment with the Department of Veterans Affairs. CPC was not plaintiff's employer. And, CPC is not the proper defendant in her employment discrimination action. Plaintiff thus cannot establish a satisfactory claim or right of relief, as Fed. R. Civ. P. 55(d) requires. The court thus denies plaintiff's Motion for Default Judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss Action Against Central Plains Consolidated Patient Account Center 735 (Doc. 31) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Default Judgment (Doc. 34) is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of March, 2017, at Topeka, Kansas.

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**